UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-06258-AH-MAR | Date: July 21, 2025 |
| Title: *Willie Tatum v. Warden* | |

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE RE: WHY THIS ACTION SHOULD NOT BE DISMISSED**

### I.
### INTRODUCTION

On June 22, 2025, Petitioner Willie Tatum ("Petitioner"), proceeding pro se, constructively filed[1] a habeas petition. ECF Docket No. ("Dkt.") 1. The Court has screened the petition pursuant to Habeas Rule 4. This preliminary review revealed defects in the petition that warrant dismissal. Accordingly, Petitioner is **ORDERED** to show cause why the petition should not be dismissed.

### II.
### BACKGROUND

Petitioner challenges his conviction and sentence from Los Angeles Superior Court, which he alleges occurred in 1994 or 1995. Dkt. 1 at 1. Petitioner received a sentence of thirty years to life but "was not disclosed of the true nature and cause of the accusation(s)." Id. Petitioner indicates that there was an appeal, and that his conviction was affirmed, but does not know what grounds were raised because he "had no part in the appeal process." Id. at 3. Petitioner indicates that he filed a motion to vacate the judgment pursuant to Cal. Penal Code § 1473, but does not indicate when he filed it or what the result was. Id. There are no copies of any court documents attached to the petition.

Petitioner asserts two grounds for relief: (1) the "trial court lack[ed] all jurisdiction" and "refused and failed to establish the record any of its asserted jurisdiction or otherwise"; and (2) "fraud" based on the trial court's processing of "fraudulent documents absent any proof of jurisdiction." Id. at 5.

///
///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-cv-06258-AH-MAR                                                    Date:  July 21, 2025

Title:   <u>Willie Tatum v. Warden</u>

### III.
### DISCUSSION

**A.   THE COURT APPEARS TO LACK JURISDICTION OVER PETITIONER'S CLAIM**

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States.  See <u>Swarthout v. Cooke</u>, 562 U.S. 216, 219 (2011).  It is not available for errors in the interpretation or application of state law.  <u>Id.</u>; <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68 (1991).

Here, Petitioner's claims are unclear.  Petitioner does not cite any constitutional violations nor can the Court discern the scope of his claims from his allegations. The filing also appears to challenge the denial of a motion based entirely on state law.  Ultimately, the constitutional bases for Petitioner's claims are unclear and the Court cannot discern whether it is cognizable on federal habeas review.

**B.   THE PETITION APPEARS UNTIMELY**

   **1.   The Petition was filed after AEDPA's one-year limitations period**

      **a.   Applicable law**

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." <u>Thompson v. Lea</u>, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1). "When, on direct appeal, review is sought in the state's highest court but no petition for <u>certiorari</u> to the United States Supreme Court is filed, direct review is considered to be final when the <u>certiorari</u> petition would have been due, which is ninety days after the decision of the state's highest court."  <u>Porter v. Ollison</u>, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

      **b.   Analysis**

Here, Petitioner filed the petition after April 24, 1996, the effective date of AEDPA.  Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply.  <u>Soto v. Ryan</u>, 760 F.3d 947, 956–57 (9th Cir. 2014).

Based on the limited information provided in the petition, it appears that Petitioner's conviction likely became final sometime in 1995 or 1996.  AEDPA's one year limitations period

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-06258-AH-MAR                                               Date:  July 21, 2025

Title:     *Willie Tatum v. Warden*

would therefore have expired sometime in 1996 or 1997.  28 U.S.C. § 2244(d)(1).  However, Petitioner filed the Petition on June 22, 2025.  Therefore, in the absence of a later trigger date or any applicable tolling, the Petition appears untimely by sixteen years under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").  Thompson, 681 F.3d at 1093.

    **2.**    **Petitioner is not entitled to a later trigger date**

        **a.**    **Applicable law**

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final.  28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]"  28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis."  Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012).  A different triggering date, therefore, may apply to each claim in a petition.  Id.

        **b.  Analysis**

Here, Petitioner does not appear to argue that he is entitled to a trigger date beyond the date on which his conviction became final, nor is it apparent from the Court's preliminary review that any potential later trigger date is relevant to Petitioner's claims.  See 28 U.S.C. § 2244(d)(1).
///
///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06258-AH-MAR                                                                    Date:  July 21, 2025

Title:  *Willie Tatum v. Warden*

### 3. Statutory tolling does not render the Petition timely

#### a. Applicable law

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).  However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

#### b. Analysis

Here, it does not appear that Petitioner filed any state petition, and thus state tolling does not appear applicable.

### 4. Equitable tolling does not render the Petition timely

#### a. Applicable law

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

#### b. Analysis

Here, Petitioner does not explicitly claim entitlement to equitable tolling and the Court has not found any obvious basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  Bills, 628 F.3d at 1097.  Accordingly, to the extent Petitioner intended to file a federal habeas petition, it appears untimely.
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:25-cv-06258-AH-MAR | Date: July 21, 2025 |
| Title: | *Willie Tatum v. Warden* | |

**C.     PETITIONER'S CLAIMS MAY BE UNEXHAUSTED**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, because Petitioner does not clearly identify the scope of his claims, the Court cannot determine whether they have been exhausted. To the extent one or more of the claims in the petition are unexhausted, Petitioner has not requested a stay.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-06258-AH-MAR                                         Date:  July 21, 2025

Title:  *Willie Tatum v. Warden*

petition." Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA.  28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely.").  After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

Because Petitioner has not explained his basis for the stay, the Court is unable to determine whether Petitioner has shown there is good cause for his failure to exhaust, as is required for a Rhines stay.  If there is not good cause, Petitioner may still request a Kelly stay; however, the Court warns Petitioner that even if he obtains a Kelly stay, any newly-exhausted claim(s) may be time-barred when Petitioner would file his amended petition.

Ultimately, the petition appears subject to dismissal because the Court lacks jurisdiction, the petition appears untimely, and the petition appears unexhausted.  The Court will not recommend dismissal of the petition, however, without giving Petitioner an opportunity to explain or amend his petition.

**IV.
ORDER**

Thus, the Court ORDERS Petitioner to respond **no later than August 11, 2025,** by electing one of the following options:

1. File a supplemental statement addressing why the petition should not be dismissed; or

2. Voluntarily dismiss this action without prejudice.  Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court has attached a Notice of Dismissal form.**  However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-06258-AH-MAR                                        Date:  July 21, 2025

Title:  *Willie Tatum v. Warden*

        limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).

        In addition, given the lack of clarity in the petition and original filing, Petitioner may wish to file an amended petition with more detail about his claims.  **The Clerk is instructed to mail Petitioner a copy of the habeas petition form along with this order, which Petitioner is encouraged to use**.  If Petitioner **fails to respond by August 11, 2025**, the Court may recommend that this action be **dismissed with prejudice** for his failure to comply with the Court's orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).

        **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |